UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STAY-N-PLAY DISCOVERY SCHOOL, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2979** |
| **RON M. ALVEREZ, ET AL.** | **SECTION "K"(4)** |

**ORDER AND REASONS**

Before the Court are two motions to remand. Plaintiff Stay-N-Play Discovery School, Inc. ("Stay-N-Play") brings a Motion to Remand (Rec.Doc.No. 9) its state law claims against Defendants Stonington Insurance Company ("Stonington") and Ron M. and Ayanna A. Alverez ("Alverezes"). The Alverezes subsequently filed their Motion to Remand (Rec.Doc.No. 13) alleging that there is no federal question jurisdiction, and the entire case should be dismissed. After reviewing the pleadings, memoranda, and relevant law, the Court hereby denies both motions to remand for the reasons assigned below.

## I. BACKGROUND

Plaintiff Stay-N-Play initiated this proceeding against Ron and Ayanna Alverez, Stonington Insurance Company, and Fidelity National Property and Casualty Insurance Company Civil District Court in the Parish of Orleans claiming that it has an insurable interest in property located at 7944, 7945 an 7948 Edgelake Court in New Orleans, Louisiana. These properties were damaged by Hurricane Katrina and its aftermath, and a subsequent fire.

Stay-N-Play owner Richard D. LaMury, sold the property at 7945 Edgelake Court to the Alverezes pursuant to a credit sale dated April 30, 2003. A mortgage contract secured the obligation of the promissory note resulting in a primary mortgage in favor of Plaintiff, on the property at 7945 Edgelake Court. Under the terms of the mortgage contract, Alverezes was obligated to keep the property insured against loss by casualty, with Plaintiff to be carried as loss payee.

Pursuant to this agreement, the Alverezes obtained a Standard Flood Insurance Policy (SFIP) from Fidelity, which covered the properties against flood loss, and whose provisions are governed by National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq*. The Alverezes also purchased a general commercial property policy from Stonington, which, *inter alia*, covered wind and other property damage, and excluded coverage for losses resulting from water damage.

Plaintiff has filed suit against the Alverezes for breach of contract, against Fidelity and Stonington for all insurance proceeds due under the policies, for a declaratory judgment holding Plaintiff to have the insurable interest and entitlement to all insurance proceeds, and for reformation of all policies to show Plaintiff as the named loss payee in the event that it is not so

named. Defendant Fidelity removed this action averring that the Court has exclusive federal question jurisdiction over the flood claim, and that the exercise of supplemental jurisdiction over the state law claims is warranted because the federal and state claims are sufficiently related.

In response, Plaintiff and the Alverezes filed the instant motions to remand. Plaintiff requests that the Court remand the claims against defendants other than Fidelity because state law predominates. Fidelity and Stonington oppose remand on the grounds that Fidelity has exclusive federal jurisdiction over the flood claims, and that there exists a factual connexity between the federal claim and state claims such that the exercise of supplemental jurisdiction is required.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. §1441(b), "an action filed in state court may be removed to federal court if the action is one over which the district courts have original jurisdiction based on a claim or right arising under the Constitution, treaties or laws of the United States." *Jernigan v.Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993). The burden of proof for establishing federal jurisdiction is placed on the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998) (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, (1921)). If the right to remove is doubtful, the case should be remanded. *Ryan v. Dow Chemical,* 781 F. Supp. 934, 939 (E.D.N.Y. 1992).

The Court noted previously that the determination as to whether a cause of action presents a federal question, making it subject to removal, depends on the allegations made on the face of the plaintiff's complaint. *Lightfoot v. Bellsout Telecommunications, Inc.*, 2004 WL 2381533 (E.D. La., Oct. 27, 2004) (*citing Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d

362, 366 (5th Cir. 1995).

### III. ANALYSIS

The property that is the subject matter of this proceeding was destroyed by Hurricane Katrina and its aftermath as well as a subsequent fire. The lawsuit involves coverage issues related to two events and also under two insurance policies. Thus, the question presented to the Court is whether the flood claim that invokes coverage under the SFIP and thus the Court's exclusive original jurisdiction is sufficiently related to the state law claims such that the Court's exercise of supplemental jurisdiction over the state claim is appropriate. For the reasons assigned below, the Court finds that Plaintiff's state law claims are so related to the federal claim that they make up the same case or controversy, and thus the two motions to remand are denied.

When a claim involves recovery under a National Flood Insurance Policy ("NFIP") for losses due to a flood, under the current statutory scheme, a court's exercise of federal question jurisdiction over that claim is rarely subject to attack. Based on 42 U.S.C. § 4072, the federal courts have original exclusive subject matter jurisdiction in cases arising out of NFIPs.[1] *Powers v. Austin-Gettys-Cohen Insurance Agency, Inc., et al.*, *A. Flood Claim Against Fidelity* (E.D. La., Oct. 24, 2000)(Duval) (*citing Van Holt v. Liberty Mutual Fire Insurance Company*, 163 F.3d 161 (3rd Cir. 1998)). The Fidelity policy incorporates SFIP provisions which define "flood" and

---

[1]Although the Alverezes are the named insured and contend that they have not instituted a claim with Fidelity for flood damage, Plaintiff certainly has made such a flood claim in the Complaint. Despite being a putative beneficiary of the Fidelity policy proceeds, Stay-N-Play has raised a colorable claim that arise under federal law because it involves interpretation of the SFIP; therefore, Fidelity's removal was certainly appropriate. Thus, the Court finds that the Alverezes Motion to Remand is without merit and therefore denied.

include provisions regarding how to determine flood loss. Thus, it is clear that the Court has original exclusive jurisdiction over the claim against Fidelity because it involves the interpretation of the SFIP.

However, the Court does not have original jurisdiction over the claims that arise under state law.[2] Because of the factual connexity of the state law claims to the federal claims, the Court finds that it is appropriate to employ its supplemental jurisdiction over the state causes of action. Supplemental jurisdiction is granted pursuant to 28 U.S.C. §1367, which provides "that the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action that they form part of the same case or controversy". 28 U.S.C. § 1367(a).

Although perhaps covered under a different insurance policy, the state law claims that arise out the same factual events that give rise to questions under the SFIP presents an appropriate occasion for the exercise of the Court's supplemental jurisdiction. *See Jamal v. Travelers, et al.*, 97 F.Supp.2d 800 (S.D. Tx. May 30, 2000); (claims under two policies are factually intertwined as both seek recovery for damages allegedly sustained as a result of the same event and similar conduct of defendants); *Winkler v. State Farm and Casualty Company, et al.*, 266 F.Supp.2d 509 (S.D. Ms. June 3, 2003) (exercise of supplemental jurisdiction over state law claims related to flood claim under SFIP fosters uniformity in decisions with respect to NFIA suits and judicial economy)

---

[2] Defendant Stonington argues that the state law claims arising out of the SFIP are preempted under the NFIA. The Court recognizes that this is a correct statement of the law. *See Gallup v. Omaha Property and Casualty Insurance Co.*, 434 F.3d 341 (5th Cir. 2005); *see also Wright v. Allstate Ins. Co.,* 415 F.3d 384 (5th Cir.2005). However, the question has not been presented to the Court through the appropriate procedural vehicle. That is, the Court will not examine the scope of what state law claims should be dismissed in an opposition to a motion to remand.

Plaintiff's action stems from the loss of his property that resulted from water, wind, and fire. Plaintiff alleges that Fidelity is responsible for the flood damage and Stonington is liable for wind damage sustained in Hurricane Katrina and the subsequent fire loss. Importantly, Plaintiff's petition seeks a declaration as to the force and effect of the water exclusion in the Stonington policy.  An interpretation of the water exclusion in the Stonington policy will require this Court to find the scope of coverage afforded by SFIP, and also the limits of coverage of the Stonington policy. Based on the assertions in the instant case, the state and federal claims are intimately related and therefore present an appropriate occasion for the exercise of supplemental jurisdiction. Accordingly,

**IT IS ORDERED** that the Motions to Remand brought by Plaintiff Stay-N-Play and Ron and Ayanna Alverez are hereby **DENIED**.

New Orleans, Louisiana, on this  14th day of October, 2006.

　　　　　　　　　　　　　　　　　　　　　**STANWOOD R. DUVAL, JR.**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**